WILLIAM J. FRIMEL (Bar No. 160287)
DAVID L. ALBERTI (Bar No. 220625)
DAVID BANIE (Bar No. 217924)
DLA PIPER RUDNICK GRAY CARY US LLP
2000 University Avenue
East Palo Alto, CA 94303-2248
Tel: 650.833.2000
Fax: 650.833.2001

Attorneys for Defendant and Counterclaimant
Xfire, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAHOO INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>XFIRE, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. C 05 00413 (EMC)<br><br>**XFIRE, INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS;**<br><br>**DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS PURSUANT TO CIVIL L.R. 3-16;**<br><br>**DEMAND FOR JURY TRIAL** |
| XFIRE, INC., a Delaware corporation,<br><br>Counterclaimant,<br><br>v.<br><br>YAHOO INC, a Delaware corporation, and TERRY SEMEL, an individual,<br><br>Counter-Defendants. | Complaint filed on January 28, 2005 |

Defendant and counterclaimant Xfire, Inc. ("Xfire") hereby answers Yahoo Inc.'s ("Yahoo") complaint as follows:

1. Xfire admits that the Complaint is for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code.

-1-
EM\7183446.1
2501120-3
XFIRE, INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS – CASE NO. C 05 00413 (EMC)

DLA PIPER RUDNICK
GRAY CARY US LLP

## PARTIES

2. Xfire is without knowledge or information sufficient to form a belief as to the allegations of paragraph 2 of the Complaint, and, on that basis, denies them.

3. Xfire admits that it is a Delaware corporation with its principle place of business in Menlo Park, California.

4. Xfire denies the allegations of paragraph 4 of the Complaint.

## JURISDICTION

5. Xfire admits that this Court has subject matter jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a). Xfire also admits that it has its principal place of business and does business in this district. Except as expressly admitted, Xfire denies each and every allegation of paragraph 5 of the Complaint.

## VENUE

6. Xfire admits that it has its principal place of business and does business in this district. Except as expressly admitted, Xfire denies each and every allegation of paragraph 6 of the Complaint.

## INTRADISTRICT ASSIGNMENT

7. Xfire admits that pursuant to Local Rule 3-2(c), the Intradistrict Assignment rules are inapplicable to this Complaint.

## GENERAL ALLEGATIONS

8. Xfire is without knowledge or information sufficient to form a belief as to the allegations of paragraph 8 of the Complaint, and, on that basis, denies them.

9. Xfire is without knowledge or information sufficient to form a belief as to the allegations of paragraph 9 of the Complaint, and, on that basis, denies them.

10. Xfire is without knowledge or information sufficient to form a belief as to the allegations of paragraph 10 of the Complaint, and, on that basis, denies them.

11. Xfire admits that users might call each other on the telephone in an attempt to join each other in an online game. Except as expressly admitted, Xfire denies the allegations of paragraph 11 of the Complaint.

12. Xfire denies that an "invention" exists as alleged in paragraph 12 of the Complaint. Xfire is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 12 of the Complaint, and, on that basis, denies them.

13. Xfire admits that U.S. Patent Number 6,699, 125 ("the '125 patent"), entitled "Game Server for Use in Connection with a Messenger Server," lists Chris Kirmse and Brian Gottlieb as inventors, and issued on March 2, 2004. Xfire admits that Exhibit A is a copy of the '125 patent. Xfire also admits that Mr. Kirmse was an employee of Yahoo on the filing date of the '125 patent. Xfire denies that an "invention" exists as alleged in paragraph 13 of the Complaint. Except as expressly admitted, Xfire is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 13 of the Complaint, and, on that basis, denies them.

14. Xfire admits that Mr. Kirmse executed a declaration related to the application that issued as the '125 patent. Except as expressly admitted, Xfire is without knowledge or information sufficient to form a belief as to the allegations of paragraph 14 of the Complaint, and, on that basis, denies them.

15. Xfire is without knowledge or information sufficient to form a belief as to the allegations of paragraph 15 of the Complaint, and, on that basis, denies them.

16. Xfire admits that Mr. Kirmse joined Xfire after he left Yahoo. Xfire also admits that Mr. Kirmse is the Vice President of Engineering at Xfire. Except as expressly admitted, Xfire denies each and every allegation of paragraph 16 of the Complaint.

17. Xfire denies that after Mr. Kirmse joined Xfire, Xfire began to develop, test, and offer instant messenger "client" software and a messenger server that, when operated with game servers, offers the capabilities of the "invention". Xfire denies that an "invention" exists as alleged in paragraph 17 of the Complaint. Xfire is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 17 of the Complaint, and, on that basis, denies them.

18. Xfire is without knowledge or information sufficient to form a belief as to the allegations of paragraph 18 of the Complaint, and, on that basis, denies them.

DLA PIPER RUDNICK GRAY CARY US LLP
EM\7183446.1
2501120-3
XFIRE, INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS – CASE NO. C 05 00413 (EMC)

## CLAIM FOR RELIEF

19. Xfire incorporates by reference its answers to paragraphs 1 through 18 of the Complaint, inclusive, as if fully set forth herein.

20. Xfire denies the allegations of paragraph 20 of the Complaint.

21. Xfire denies the allegations of paragraph 21 of the Complaint.

22. Xfire denies the allegations of paragraph 22 of the Complaint.

23. Xfire denies the allegations of paragraph 23 of the Complaint.

24. Xfire denies the allegations of paragraph 24 of the Complaint.

25. Xfire denies the allegations of paragraph 25 of the Complaint.

26. Xfire denies the allegations of paragraph 26 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

27. Yahoo's claims for relief and each and every one of their allegations fail to state a claim upon which any relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
(Invalidity)

28. The '125 patent is invalid, in whole or in part, because it fails to comply with the provisions of 35 U.S.C §§ 101, 102, 103 and 112, and Yahoo's claims for relief are thus barred in whole or in part.

### THIRD AFFIRMATIVE DEFENSE
(Non-Infringement)

29. Xfire does not infringe and has not infringed any valid claims of the '125 patent in the manner described in the Complaint, or in any other manner.

30. To the extent the claims are interpreted to cover the accused device, the '125 patent is invalid.

**FOURTH AFFIRMATIVE DEFENSE**
**(Prosecution History Estoppel)**

31. Xfire is informed and believes, and thereon alleges, that by reason of proceedings in the Patent and Trademark Office during the prosecution of the applications that resulted in the '125 patent, as shown by its file histories, and by reason of the amendment, cancellation or abandonment of claims, and the admissions and other statements made therein by or on behalf of the patentee, Yahoo is estopped to claim constructions of the '125 patent that would cause any valid claim thereof to cover or include any process or product sold or offered for sale by Xfire.

**FIFTH AFFIRMATIVE DEFENSE**
**(Damage Limitations)**

32. Xfire is informed and believes, and thereon alleges, that any claim for damages for patent infringement by Yahoo is limited by 35 U.S.C. §§ 286 and/or 287.

**SIXTH AFFIRMATIVE DEFENSE**
**(Waiver)**

33. Xfire is informed and believes, and thereon alleges, that Yahoo is barred from obtaining any relief sought in the Complaint because of the doctrine of waiver.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Laches)**

34. Yahoo is informed and believes, and thereon alleges, that Yahoo is barred from obtaining any relief sought in the Complaint because of the doctrine of laches.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Equitable Estoppel)**

35. Xfire is informed and believes, and thereon alleges, that Yahoo is barred from obtaining any relief sought in the Complaint because of the doctrine of equitable estoppel.

**NINTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

36. Xfire is informed and believes, and thereon alleges, that Yahoo is barred from obtaining any relief sought in the Complaint because of the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE
### (Good Faith)

37. Xfire has acted in good faith and without malice, and did not and does not directly infringe, induce infringement by others and/or contribute to infringement by others of any valid claims of the '125 patent.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Supplemental Defenses)

38. Xfire hereby gives notice that it intends to rely on such other defenses or affirmative defenses as might become available or apparent during the course of discovery and thus reserves the right to amend this answer and serve such defenses or affirmative defenses and to otherwise supplement the foregoing defenses and affirmative defenses.

## TWELFTH AFFIRMATIVE DEFENSE
### (License/Patent Exhaustion)

39. On information and belief, Xfire and/or its customers have a license or implied license under the '125 patent, and/or Xfire's accused acts and products are immune from infringement of one or more of the patents due to patent exhaustion.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Prosecution Laches)

40. On information and belief, Yahoo's claims are barred, in whole or in part, by unreasonable and inexcusable delay in prosecuting the claims of the patent application that resulted in the '125 patent.

## COUNTERCLAIMS

As counterclaims to the Complaint, defendant and counterclaimant Xfire alleges as follows:

### PARTIES

1. Xfire is a Delaware corporation with its principle place of business in Menlo Park, California. Xfire is in the business of providing services and innovation to the users of multi-

DLA PIPER RUDNICK
GRAY CARY US LLP

EM\7183446.1
2501120-3

-6-
XFIRE, INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND
COUNTERCLAIMS – CASE NO. C 05 00413 (EMC)

1 player online PC video games. In 2004, Xfire generated less than $750,000 in revenue.

2. Plaintiff and counter-defendant Yahoo is a Delaware corporation with its principle place of business in Sunnyvale, California. Yahoo is a publicly traded company that holds itself out as a dominant global Internet communications, commerce and media company. As a result of such dominance, Yahoo has posted over $3.5 billion in revenue for 2004, and nearly $700 million in gross profits during that same timeframe.

3. Xfire is informed and believes, and thereon alleges, that counter-defendant Terry Semel ("Semel") is Yahoo's Chief Executive Officer ("CEO"), and is a resident of this judicial district.

## JURISDICTION

4. This Court has subject-matter jurisdiction under Federal Rule of Civil Procedure 13, 28 U.S.C. sections 1331, 1332, 1338, 1367, and 2202, and 15 U.S.C. sections 15, 22, and 26. This Court has personal jurisdiction over Yahoo because it has its principle place of business in this judicial district, and over Semel because he is domiciled in this state.

## GENERAL ALLEGATIONS

5. Yahoo offers, among other services, an Internet instant messenger service that allows users to communicate with each other on a real-time basis. Yahoo has been attempting to enhance its offering of online game services by linking them with their instant messenger service.

6. There are approximately 50,000,000 casual online game players in the United States that participate in online card, puzzle, board and word games like Canasta and Backgammon. Within the online game market is a more intense sub-group of users that participate in multi-player online PC video games. This sub-group of online video gamers is estimated to be between 5,000,000 and 10,000,000 participants. Although successful with the casual on-line card and board game users, Yahoo has not had success in the more sophisticated multi-player online PC video game market.

7. In 2004, there were three primary companies providing users of multi-player online PC video games with the ability to instantly see what game their friends were playing and then join a friend's game with one click: IGN, UDPSoft, and Xfire. IGN and UDPSoft provided

-7-

their services by showing a list of game servers and by identifying which servers were being visited by the friends listed by a user. The user was then able to join that game server. Xfire, however, starts by displaying a list of a gamer's friends and showing which games these friends are playing at any time. Xfire's approach has proven to be the most successful and best received among the users of multi-player online PC video games.

8. Yahoo views the multi-player online PC video game market as a large and lucrative market. In an effort to enter the multi-player online PC video game market in a meaningful way, Yahoo has undertaken several business initiatives – some legitimate, others unlawful. A legitimate effort occurred in September, 2004, when Yahoo acquired the company UDPSoft and its All-Seeing Eye server browser to provide online multiplayer services. As explained above, All-Seeing Eye/Yahoo identifies who is playing multi-player online PC video games by showing a server list and matching it to a buddy list to identify which buddy is playing on a specific server. All-Seeing Eye/Yahoo's approach, and the resulting interface, has not grown nearly as quickly as Xfire among the multi-player on-line PC video game consumers. As of March 7, 2005, the website forum page of All-Seeing Eye states that it has 9,529 members. On the same day, Xfire's website forum page states that it has 1,177,449 members.

9. In April, before Yahoo acquired UDPSoft and its All-Seeing Eye server browser, Yahoo's business development personnel contacted Xfire regarding a possible strategic relationship. Although Xfire participated in communications with Yahoo's business development group, Xfire quickly disengaged and indicated that it was not interested in working with Yahoo or being acquired.

10. Xfire is a start-up company that has generated considerable excitement in the online gaming community. Since launching its product in January, 2004, Xfire has attracted over 1,100,000 registered users and registers thousands more each day. Although Xfire does not have even a modest fraction of the financial strength of Yahoo, Xfire's product has outperformed and continues to capture considerably more users than Yahoo's multi-player online PC video game service.

11. Xfire has entered into a series of agreements with game and content providers in an effort to distribute its applications. For example, Xfire entered into agreements with Electronics Boutique, NVIDIA corporation, and Ubisoft relating to the distribution of Xfire's proprietary software (the "Agreements").

## YAHOO FILES A SHAM LAWSUIT.

12. On January 21, 2005, Yahoo filed a Complaint for Patent Infringement, which alleged, among other things, that Xfire has infringed the '125 patent.

13. Prior to initiating the lawsuit, however, Yahoo never called, wrote or otherwise communicated to Xfire its concern with the conduct alleged in the Complaint. Furthermore, Yahoo never sent Xfire a cease and desist letter prior to filing suit, which is a common practice in the industry with respect to patent disputes. Tellingly, Yahoo had contacted Xfire just months before filing suit to discuss a possible strategic relationship. During those discussions, Yahoo never mentioned, let alone alleged, that Xfire was somehow infringing Yahoo's '125 patent. It was only after Xfire declined further discussions and Yahoo acquired Xfire's competitor that Yahoo raised allegations of patent infringement.

14. The Complaint alleges that Xfire has infringed, has induced others to infringe, and has contributorily infringed the '125 patent. In fact, Xfire has not infringed the '125 patent, has not induced anyone else to infringe the '125 patent, and has not contributorily infringed the '125 patent.

15. The Complaint is a sham and was authorized by and/or directed by, Semel. Xfire is further informed and believes that the sham lawsuit is an unlawful effort to drain Xfire of its limited operating funds and to tax the personnel resources of Xfire's small staff. Xfire is further informed and believes that Semel and Yahoo are using Yahoo's sham lawsuit and Yahoo's massive financial and personnel resources to either drive Xfire out of business (and thus avoid direct competition in the marketplace) or to force Xfire to sell or license its proprietary technology to Yahoo for far less than fair market value to settle the expensive litigation.

16. Xfire is informed and believes, and thereon alleges, that Semel and Yahoo initiated this action because they viewed Xfire as a threat to Yahoo's multi-player online PC video game

business. In order to protect Yahoo's own business, Semel and Yahoo deliberately took steps to put Xfire out of business, including the filing of the Complaint. Semel and Yahoo's motivation for doing so was not to obtain the relief requested, but instead to put Xfire out of business or so weaken it that Xfire would have no choice but to sell or license its proprietary technology to Yahoo for far less than fair market value to settle the expensive litigation.

## YAHOO REJECTS XFIRE'S EARLY OFFERS OF SPEEDY AND LESS COSTLY DISPUTE RESOLUTION ALTERNATIVES.

17.  Shortly after Yahoo filed suit, Xfire, in a good faith attempt to address Yahoo's concerns about the alleged patent infringement described in the Complaint, attempted to informally, and without costly litigation, explain the bases for non-infringement. Specifically, Xfire offered, in writing, to:

(a) allow Yahoo's co-founders, Jerry Yang and David Filo, to review Xfire's code to demonstrate non-infringement of the '125 patent;

(b) conduct early mediation in which Xfire would turn over to a neutral third party its code in an effort to resolve this dispute; and

(c) submit the case to binding arbitration in which Xfire would present its code to a retired judge or experienced attorney familiar with patents and technology and patent law.

18.  Yahoo has rebuffed each of Xfire's attempts to resolve this dispute. In fact, Yahoo refuses to respond to Xfire's offers for alternative dispute resolution mechanisms.

19.  If Yahoo sincerely believed its own allegations and was incurring harm, Xfire believes Yahoo would accept at least one of the above alternatives to costly litigation. Its refusal to accept any of these alternatives is further proof that Yahoo is more interested in driving Xfire out of business than resolving its dispute with Xfire.

## FIRST COUNTERCLAIM
**(Intentional Interference with Contractual Relations)**
**(Against All Counter-Defendants)**

20.  Xfire hereby incorporates by reference paragraphs 1 through 19 of the Counterclaims, inclusive, as though fully set forth herein.

-10-

DLA PIPER RUDNICK        EM\7183446.1            XFIRE, INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND
GRAY CARY US LLP         2501120-3                        COUNTERCLAIMS – CASE NO. C 05 00413 (EMC)

21. Xfire has contractual relationships with Electronics Boutique, NVIDIA Corporation, and Ubisoft by virtue of the Agreements.

22. Xfire is informed and believes, and thereon alleges, that Yahoo and Semel knew of Xfire's Agreements.

23. Xfire is informed and believes, and thereon alleges, that Yahoo intentionally took actions for its own benefit to interfere with and disrupt Xfire's Agreements.

24. Xfire is informed and believes, and thereon alleges, that Semel authorized, ordered or directed the acts alleged in this counterclaim.

25. As a direct and proximate result of Yahoo's conduct as alleged herein, Xfire's contractual relationship with Electronics Boutique, NVIDIA Corporation, and Ubisoft were in fact disrupted.

26. As a direct and proximate result of this interference, Xfire has suffered damages in an amount to be proven at trial.

27. Xfire is informed and believes, and thereon alleges, that the aforementioned acts of Yahoo were willful, malicious, outrageous, oppressive, and done in complete and conscious disregard of the consequences they might have on Xfire, and therefore justify awarding Xfire exemplary and punitive damages in an amount to be established at trial.

## SECOND COUNTERCLAIM
### (Unfair Competition Under Cal. Bus. & Prof. Code §§ 17200, et seq.)
### (Against All Counter-Defendants)

28. Xfire hereby incorporates by reference paragraphs 1 through 27 of the Counterclaims, inclusive, as though fully set forth herein.

29. Yahoo and Semel are, and at all times alleged herein have been, engaging in unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200, et seq.

30. By reason of Yahoo's unfair competition, Yahoo has enjoyed unlawful profits at Xfire's expense. Unless restitution or disgorgement of profits is ordered, Xfire will have unlawfully profited from its unfair competition.

31. By reason of Yahoo's and Semel's unfair competition, Xfire is being and has been damaged and irreparably harmed and will suffer further damage and irreparable harm unless

1 | Yahoo is enjoined from continuing its wrongdoing.

2 | 32. Xfire has no adequate remedy at law to prevent Yahoo's and Semel's further
3 | unfair competition.

### REQUEST FOR JUDGMENT

1. For damages in an amount to be proven at trial;
2. For punitive damages;
3. For disgorgement of profits;
4. For costs incurred herein, as appropriate; and
5. For such other relief as the Court deems just and proper.

Dated: March 9, 2005

DLA PIPER RUDNICK GRAY CARY US LLP

By _/s/_____
WILLIAM J. FRIMEL
DAVID L. ALBERTI
DAVID BANIE
Attorneys for Defendant and Counterclaimant
Xfire, Inc.

DLA PIPER RUDNICK
GRAY CARY US LLP

EM\7183446.1
2501120-3

-12-
XFIRE, INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND
COUNTERCLAIMS – CASE NO. C 05 00413 (EMC)

## DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated:  March 9, 2005

DLA PIPER RUDNICK GRAY CARY US LLP

By _____
WILLIAM J. FRIMEL
DAVID L. ALBERTI
DAVID BANIE
Attorneys for Defendant and Counterclaimant
Xfire, Inc.

## DEMAND FOR JURY TRIAL

Defendant and Counterclaimant XFIRE, INC., hereby demands a jury trial in this action.

Dated: March 9, 2005

DLA PIPER RUDNICK GRAY CARY US LLP

By: /s/
WILLIAM J. FRIMEL
DAVID L. ALBERTI
DAVID BANIE
Attorneys for Defendant and Counterclaimant
Xfire, Inc.